FILED'10 FEB 08 09:04USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINO CALATA MARTINEZ,                                              CV. 09-251-PA

       Petitioner,

  v.                                                                OPINION AND ORDER

DON MILLS,

       Respondent.


ANTHONY D. BORNSTEIN
Office of the Federal Public Defender
101 SW main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner


JOHN KROGER
Attorney General
JACQUELINE KAMINS
Oregon Department of Justice
1162 Court Street, NE
Salem, OR 97301

    Attorneys for Respondent


1 - OPINION AND ORDER

Panner, Judge.

Petitioner, an inmate at Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges the legality of his 2003 state court convictions, alleging ineffective assistance of trial counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is DENIED.

## BACKGROUND

Petitioner was arrested on January 26, 2003, for using a hammer and knife to assault a woman who had recently ended their domestic relationship. Petitioner was held in custody on a federal hold and fugitive warrant for parole violation in Utah, (Respt.'s Exs. 118 & 119), and on March 19, 2003, was charged in a six count indictment with Attempted Murder - Domestic (Count 1), Assault in the First Degree - Domestic (Counts 2 & 3), Assault in the Second Degree - Domestic (Counts 4&5), and Possession of a Controlled Substance (Count 6). On March 20, 2003, a public defender was appointed to represent Petitioner, but on April 4, 2003, counsel filed a Motion to Withdraw due to "irremediable breakdown in trust, confidence, and communication." (Respt.'s Ex. 117.) On April 8, 2003, the Umatilla County Circuit Court granted the motion and appointed new counsel. (*Id.*) In a pre-trial hearing on April 14, 2003, Petitioner refused counsel's request that he waive the 60-day rule and allow a short delay in scheduling the trial in order to give counsel more preparation time. (Respt.'s Ex. 103 at 6.)

2 - OPINION AND ORDER

Counsel indicated he was seeking the appointment of an investigator. (*Id.*) On the record, Counsel informed Petitioner he did not feel he could be properly prepared for trial without more time. (*Id.* at 7.) Counsel had met with Petitioner and an interpreter the Friday before the hearing, and he told the court:

> Yeah, [Petitioner's] got something in Utah, Your Honor, and what's - what's driving him in this case is he's convinced that the D.A. has no victim and she [sic] he's wanting to get this over with because he's positive in his own mind that if we show up for trial, they have no victim, that it's gonna get dismissed and he can go on back to Utah where they have a hold on him. They've also got an FBI hold on him and we don't know why. But that's what's driving him. We've got this information that he's making a decision on. He's gonna have an attorney with less than a couple of weeks of trial preparation -

(*Id.* at 7.) The district attorney informed the court, "[T]he State does not agree with this defendant as to the status of our witnesses." (*Id.* at 8.) Trial was set for April 21, 2003, with the court having previously noted Petitioner's desire to proceed.

At trial, the victim testified, the investigating officer and translator used during the investigation and victim interview testified, and photographic evidence of the victim's injuries and of the knife and hammer used were introduced. After a two day trial, the jury found Petitioner guilty on all counts.

At sentencing counsel argued for merger of Counts 2-5 with Count 1, for a 90-months Measure 11 sentence on Count 1, and concurrent sentencing on the merged counts. (Respt.'s Ex. 105 at 5.) Taking the pre-sentencing investigation into account, the court sentenced Petitioner to 270 months, under Measure 11, in a

3 - OPINION AND ORDER

combination of consecutive and concurrent sentencing with Count 4 merging with Count 2 and Count 5 merging with Count 3. The court made findings on the record to support the consecutive sentencing. (*Id.* at 12.)

Petitioner directly appealed his convictions challenging the imposition of consecutive sentences and Ballot Measure 11 sentences, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *State v. Martinez*, 203 Or.App. 544, 129 P.3d 280 (2005), *rev. denied*, 340 Or. 308, 132 P.3d 28 (2006.)

Petitioner filed for post-conviction relief ("PCR") raising four claims of ineffective assistance of trial counsel, and a claim challenging the constitutionality of consecutive sentencing. In a general judgment, the PCR court denied Petitioner relief. (Respt.'s Ex. 122.) Petitioner appealed, advancing one claim that counsel provided inadequate representation when he failed to object to consecutive sentencing based on *Apprendi*. (Respt.'s Ex. 123 at 2-3.) The State filed a motion for Summary Affirmance, (Respt.'s Ex. 124), to which Petitioner objected. (Respt.'s Ex. 125.) The Oregon Court of Appeals granted the State's motion and summarily affirmed the PCR court. (Respt.'s Ex. 126.) The Oregon Supreme Court denied review. (Respt.'s Ex. 128.)

Petitioner filed the instant federal habeas petition raising four grounds for relief. In his Memorandum, Petitioner indicates he abandons Grounds One and Two. (#24, Mem. at 6 n.4.) In Ground

4 - OPINION AND ORDER

Three Petitioner alleges counsel provided deficient representation when counsel failed to obtain a continuance, and in Ground Four Petitioner alleges counsel provided deficient representation when counsel failed to prepare for trial. (#2, Pet. at 7.) Respondent contends both Ground Three and Ground Four are procedurally defaulted because Petitioner did not present the claims to the state appellate courts. Upon review of the record, the Court agrees.

## DISCUSSION

### I.  Exhaustion and Procedural Default

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 2975 (2005); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. § 138.650 (2005).

A federal claim is "fairly presented" to the state courts if it was presented "(1) to the proper forum, (2) through the proper

5 - OPINION AND ORDER

vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)(internal citations omitted). Under limited circumstances, the Oregon Supreme Court has considered federal claims fairly presented when the petitioner specifically cross-referenced claims in the assignment of error and attached a lower court brief arguing the federal claims. *Farmer v. Baldwin*, 346 Or. 67, 79-81, 205 P.3d 871 (2009).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey v. Moore*, 386 F.3d 386, 920 (9th Cir. 2004); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

## II. Analysis

It is clear from the record that Petitioner did not raise Grounds Three and Four to the Oregon appellate courts in his appeals of PCR court's decision to deny relief. Because he can no longer do so, *see* Or. Rev. Stat. §138.650(1), the claims are procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1. Petitioner

makes no attempt to excuse his default. Accordingly, federal habeas relief is precluded. *Edwards,* 529 U.S. at 451.

Even if this Court were to consider Petitioner's claims on the merits, a review of the record leads to the conclusion they are without merit. The PCR court denied Petitioner's claim in a general judgment on the basis "Petitioner failed to prove each and every allegation of the petition." (Respt.'s Ex. 122.) The record supports this conclusion.

To prevail on a federal claim of ineffective assistance of counsel, a petitioner must show that counsel's representation fell below objective standards of reasonableness and there is a reasonable probability that, but for counsel's deficient representation, the outcome of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner failed to do so in the PCR proceedings.

In his PCR deposition Petitioner admitted he was not willing to give his attorney more time to prepare for trial because he wanted to get things taken care of quickly. (Respt.'s Ex. 114 at 10-11; 16.) He admitted he believed the victim was in Mexico and "maybe [his] sentence would be lesser if she was not there." (*Id.* at 10.) He also admitted to turning down a plea agreement for 120 months "because they were doing - - giving me the 30 months extra because of what I had done in Utah, so I did not accept that." (*Id.* at 19-20.) He admitted he carried a knife and a hammer

7 - OPINION AND ORDER

toward the victim, but claimed he was acting out of jealousy, that her injuries were self-inflicted, and he only wanted to scare her - not hit her. (*Id.* at 11-15.) While Petitioner's PCR counsel argued the trial court refused to grant a continuance because Petitioner would not waive the 60-day rule, that the 60-day rule does not apply in cases of attempted murder, and that with a continuance trial counsel could have obtained medical records, for example, (*Id.* at 21-23), the argument was thoroughly undermined when the State pointed out the medical records "were handed to defense attorneys, both of them, and [ ] were admitted as exhibits at trial." (*Id.*) Moreover, the transcript of the April 14, 2003, pre-trial hearing, at which counsel sought a continuance, provided evidence Petitioner was asked to consent to a short delay in his trial date but refused because he believed he would be in a more favorable position by proceeding to trial immediately. (Respt.'s Ex. 103 at 6.) Petitioner cannot refuse counsel's request for additional time to prepare and then, at a later date, fault counsel for not seeking additional time to prepare.

With respect to Petitioner's claim trial counsel failed to prepare for trial, trial counsel's affidavit to the PCR court provided evidence that: Petitioner "was adamant that the case be sent out to trial quickly because he believed the victim was in Mexico and would not appear"; at the time counsel sought the continuance he did not have investigative work completed by Petitioner's previous counsel; counsel promptly received discovery

8 - OPINION AND ORDER

and upon its review determined the case was straight forward; and counsel felt he was thoroughly prepared for trial and would not have prepared differently had he had more time. (Respt.'s Ex. 116 at 2.) Petitioner failed to show the PCR court that counsel's preparation fell below objective standards of reasonableness, and even assuming counsel's preparation was below standards, Petitioner failed to show that the outcome of his trial would have been different. Based on the record, it was neither contrary to, nor an unreasonable application of established federal law for the PCR court to deny relief. Accordingly, habeas relief is precluded.

## CONCLUSION

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 5 day of February, 2009.

Owen M. Panner
United States District Judge

9 - OPINION AND ORDER